UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br><br>CERTAIN RIGHTS TO AND INTERESTS IN SHARES OF SERIES D PREFERRED STOCK IN PALANTIR TECHNOLOGIES,<br>      Defendant. | CV 17-4446 DSF (PLAx)<br><br>Order DENYING Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. 45) |

    Claimant Tarek Obaid has moved to dismiss the government's forfeiture complaint against certain stock in Palantir Technologies for lack of personal jurisdiction and improper venue. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 20, 2018 is removed from the Court's calendar.

    The Court rejects Obaid's argument that it needs *in personam* jurisdiction over him in order to adjudicate rights to the property. Obaid cites no authority holding that a court must have *in personam* jurisdiction over any particular claimant in a civil forfeiture action. While it may include language that appears to support Obaid's argument, Shaffer v. Heitner, 433 U.S. 186 (1977), does not control the issue. Shaffer was a *quasi in rem*

action where the stated objection of proceeding against particular property was to coerce a targeted defendant into appearing in a forum where there would otherwise not be personal jurisdiction. Obaid tries to stretch Shaffer's *quasi in rem* holding onto any type of case where property is an *in rem* defendant. The only appellate court case to specifically consider the issue here correctly noted that Shaffer "provides only limited guidance as to how to proceed." United States v. Batato, 833 F.3d 413, 423 (4th Cir. 2016).[1] In addition, the Supreme Court itself has discouraged a broad reading of Shaffer. See Burnham v. Superior Ct., 495 U.S. 604, 620 (1990) ("[Schaffer] stands for nothing more than the proposition that when the 'minimum contact' that is the substitute for physical presence consists of property ownership it must, like other minimum contacts, be related to the litigation."). It has also reaffirmed a distinction between *in rem* and *in personam* jurisdiction in the Eleventh Amendment context, "even when the underlying proceedings are, for the most part, identical." Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 453 (2004). Hood is especially instructive because it involved the jurisdiction of a bankruptcy court to adjudicate claims to property in the absence of *in personam* jurisdiction over a claimant, a situation closely analogous to the one here.[2] The Supreme Court had little difficulty concluding that "the Bankruptcy Court's *in rem* jurisdiction allows it to adjudicate the debtor's discharge

---

[1] The appellate case that is arguably most supportive of Obaid's position, Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214 (4th Cir. 2002), was, like Batato, out of the Fourth Circuit. Given the discussion in Batato, the Fourth Circuit itself obviously does not think that Harrods answers the question.

[2] In Hood, the claimant at issue was a state agency over which the bankruptcy court arguably had no *in personam* jurisdiction due to the Eleventh Amendment.

claim without *in personam* jurisdiction over the State [claimant]." Id.

Venue is also proper here. The civil forfeiture venue provision provides for venue "in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A). In interpreting this language, it is important to consider the context of the overall allegations that the government believes justify the forfeiture. In the context of the broad conspiracy alleged here, "any act" should be interpreted as any act of the conspiracy, not necessarily any act directly relating to the property at issue. It is even less supportable to argue that the act in question must relate to a particular *claimant*, as Obaid occasionally seems to suggest. The complaint alleges at least one meeting in support of the conspiracy took place in Los Angeles, Compl. ¶¶ 203-204, and that significant proceeds of the conspiracy were funneled into property within the Central District of California, id. ¶¶ 466-79; 480-96; 525-32; 660-64; 681; 731-50. The Complaint also alleges that "Singapore Banker 1" took steps in creating the Aabar-BVI Swiss Account via e-mail while physically present in Los Angeles. Id. ¶¶ 203-204. That e-mail included the allegedly false explanation for the account's funding to justify BSI Bank's involvement in the transactions involving the account. Id. The timing of the e-mail in relation to Singapore Banker 1's meeting with Jho Low also suggests that the account was a topic at the contemporaneous meeting between the two in Los Angeles. All of these acts are part of the acts giving rise to the forfeiture and make venue in this District proper.

Obaid tries to define "any act" to mean only criminal acts that generated the proceeds used to purchase the given property. While it is possible to interpret acts "giving rise to the forfeiture" as being only acts that are, of themselves, criminal, criminal conspirators typically engage in many acts that are not

3

necessarily themselves criminal but yet further the conspiracy in some way. The complaint alleges a wide-ranging money laundering conspiracy whose aim was to steal money from the Malaysian government, funnel that money through various channels, and then place the money in investments around the world. Several acts in support of that conspiracy took place in the Central District of California, so venue is appropriate here for any forfeiture relating to the conspiracy.

The motion to dismiss is DENIED.

IT IS SO ORDERED.

Date: 8/15/18

Dale S. Fischer
United States District Judge